IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHNNY M. RODRIGUEZ, | ) | |
| | ) | 8:04CV576 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNION PACIFIC RAILROAD, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on three motions of the parties.

1.   The plaintiff's Motion to Compel (Filing No. 48);
2.   The defendant's Motion to Strike Plaintiff's Supplemental Witness List (Filing No. 52); and
3.   The plaintiff's Motion for Permission to File Out of Time (Filing No. 54).

**BACKGROUND**

This case arises from the plaintiff's employment with the defendant.  The plaintiff has been employed by the defendant for over 25 years.  **See** Filing No. 1 (Complaint).  The plaintiff, who is Mexican, alleges the defendant has engaged in acts of illegal discrimination against racial and ethnic minorities in the workplace, particularly in the area of equal opportunities for jobs.  *Id.* ¶ 9.  In May, 2002, the plaintiff transferred from Omaha to Kansas City, Kansas to work for the defendant.  The plaintiff had a goal to become a Yardmaster and watched for postings for the position, but did not see a posting.  However, in September and October, 2003, two females were promoted to the Yardmaster position, even though the plaintiff had more seniority than they did.  Thereafter, the plaintiff alerted the defendant's Affirmative Action/Equal Employment Office about the inequity of failing to post the job openings.  Soon, an opening for the position of Yardmaster was posted. The plaintiff states the hiring personnel refused to respond to his emails and he was never given an interview.  Further, the plaintiff alleges it is the defendant's practice to pre-select a non-minority employee for a position that is about to become available and surreptitiously train the selectee for the position so that no other candidate will be able to qualify as well.  Based on these allegations, the defendant discriminated against the plaintiff on the basis of his national origin and retaliated against him for opposing unlawful

practices in violation of Section 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1) and § 704 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a), and the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. § 48-1101 *et seq.* and § 20-148, as amended.

On February 1, 2006, the defendant filed a motion for summary judgment on all of the plaintiff's claims. **See** Filing No. 41. The plaintiff sought extensions of the deadline to respond to the motion due to outstanding discovery which, he said, was necessary to respond to the motion. **See** Filing Nos. 44 and 47. On March 2, 2006, the plaintiff filed a motion to compel supplemental responses to interrogatories and requests for production. **See** Filing No. 48. Further, the plaintiff sought additional time until after the discovery dispute was resolved to respond to the motion for summary judgment.

## ANALYSIS

### 1.    Motion to Compel

On September 29, 2005, the plaintiff served the defendant with requests for production and interrogatories. **See** Filing No. 22 (certificate of service). The defendant served responses to the discovery requested on November 23, 2005. **See** Filing No. 49, Exhibits A and B. The plaintiff seeks supplemental responses to Interrogatory Nos. 3, 4, 20, 24 and 25 and Request for Production Nos. 3, 9, 13-15, 18, and 26-30. Additionally, the plaintiff seeks an order requiring the defendant's responding person sign the interrogatories. In support of the motion to compel, the plaintiff filed a brief (Filing No. 49) with exhibits attached.[1] The defendant filed an objection (Filing No. 53) to the motion.[2] The plaintiff did not file any reply, as allowed by the local rules. **See** NECivR 7.1(e).

---

[1] Counsel are reminded that all documents shall comply with the Federal Rules of Civil Procedure and the Civil Rules of the United States District Court for the District of Nebraska. Specifically, any brief and index of evidence shall be filed separately from a motion. **See** NECivR 7.1 (a)(1) and (a)(2)(B).

[2] The defendant captioned and filed its brief as an "objection" in contradiction with the local rules. The Civil Rules of the United States District Court for the District of Nebraska provide:

> The party opposing a motion shall not file an "answer," or "opposition," "objection," or "response" to a motion, or any similarly titled responsive pleading, but instead shall file a paginated brief which concisely states the reasons for opposing the motion and cites the authorities relied upon.

NECivR 7.1(b)(1).

### A.     Signatures

The plaintiff contends the defendant failed to have the persons who provided information for the answers to interrogatories sign the interrogatories as required by Federal Rule of Civil Procedure 33(b)(2).  The defendant states it "has also provided to plaintiff a verification page to accompany its responses to plaintiff's interrogatories."  **See** Filing No. 53, p. 6.  The plaintiff has not submitted a reply or contradicted the defendant's assertion.  Accordingly, the plaintiff's motion to compel is moot on the issue of the siging of interrogatories and is denied.

### B.     Duty to Confer

The plaintiff states that on January 9, 2006, the plaintiff sent the defendant "a lengthy analysis disputing Defendant's objections" to the requested discovery.  **See** Filing No. 49 p. 1 (Brief).  The plaintiff further states that on January 12, 2006, the plaintiff sent the defendant an electronic mail message giving a more detailed description of the documents sought.  **Id.**  Also on January 12, 2006, the plaintiff filed a motion to extend discovery deadlines and a motion to compel.  **See** Filing Nos. 33 and 35.  The plaintiff withdrew the motion to compel.  **See** Filing Nos. 39 and 40.

The plaintiff states that in response to the plaintiff's correspondence, the defendant sent a "lengthy analysis" of the January 9 letter and reaffirmed its original position on each objection.  **Id.**  The plaintiff notes the defendant stated it would work to obtain the documents described in the January 12 letter.  **Id.** at p. 2.  In accordance therewith, the defendant sent the plaintiff documents on January 20, 2006, and January 23, 2006.  **Id.** The plaintiff wrote to the defendant on January 31, 2006, explaining why the documents were still nonconforming.  **Id.**  On February 1, 2006, the defendant sent the plaintiff additional documents, which the defendant noted to the plaintiff were not exactly what the plaintiff requested.  **Id.**  The plaintiff did not provide the court with the substance of the plaintiff's January 9 or January 12 correspondence or the defendant's response.

The defendant contends the plaintiff failed to comply with the rule requiring counsel to confer prior to seeking court intervention.  The defendant does not dispute any of the facts described above, but states the only issue the defendant was aware was in dispute

3

was regarding the document requests surrounding David King and Eric Raspberry (Request for Production Nos. 3, 26-29).  The defendant states it informed the plaintiff certain documents were not available, as to these disputed requests, but the plaintiff disagreed.  The defendant states it was unaware of the remaining disputes until the motion to compel was filed.

Under these circumstances, the plaintiff has failed to sustain his burden of showing "that after personal consultation with counsel for opposing parties and sincere attempts to resolve differences, they are unable to reach an accord" with regard each of the disputed issues.  **See** NECivR 7.1(i).[3]  Accordingly, the plaintiff's motion to compel may be denied with regard to Interrogatory Nos. 3, 4, 20, 24 and 25, and Request for Production Nos. 9, 13-15, 18 and 30, on the basis that the plaintiff failed to comply with the local rules.

### C.    Interrogatories

The defendant contends all discovery issues raised in the motion to compel are unfounded.  The defendant states it has fully responded to the discovery requests.  Although, the majority of the issues raised in the motion may be denied pursuant to NECivR 7.1, the court will evaluate each issue raised by the plaintiff below.

Interrogatory Nos. 3 and 4 seek information about people who filed "a discrimination complaint against Defendant within the Kansas City Service Unit between 2002 and the present time," including information on the nature of the complaint.  **See** Filing No. 49, Exhibit A.  The defendant objected stating the interrogatories were vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  However, the defendant stated, "there are no other charges of national origin discrimination or retaliation based on a failure to promote filed with any state or federal agency by individuals within the Kansas City Service Unit between 2002 and the present."  ***Id.***  The

---

[3]        To curtail undue delay in the administration of justice, this court will not consider any discovery motion unless counsel for the moving party, as part of the motion, shows in writing that after personal consultation with counsel for opposing parties and sincere attempts to resolve differences, they are unable to reach an accord.  This showing shall also recite the date, time and place of such conference and the names of all persons participating in them.
NECivR 7.1(i).

defendant states that after the plaintiff defined "complaint" to include internal complaints, the defendant produced the requested information about one employee.  **See** Filing No. 53, p. 2 (Brief).  Although the plaintiff lists these interrogatories in the brief, he fails to specify an deficiency in the defendant's response other than the response is "inadequate as a matter of law."  **See** Filing No. 49, p. 4 (Brief).  Further, the plaintiff does not state what additional information is lacking.  Accordingly, the plaintiff's motion is denied with regard to Interrogatory Nos. 3 and 4.

Interrogatory No. 20 seeks information about the type of Yardmaster training received by the current Yardmasters.  **See** Filing No. 49, Exhibit A.  The defendant did not object to the interrogatory, but stated,

> Applicants who were not awarded a yardmaster position are not provided yardmaster training.  All individuals being awarded a yardmaster position receive the same training. Further responding, see deposition of Candice Owen Price.

*Id.*

The defendant states they further supplemented the response "to add that yardmasters do not receive formal training.  Yardmasters are permitted to work in the yardmaster position for a period of time in order to show they are qualified to obtain a seniority date as a yardmaster."  **See** Filing No. 53, p. 2-3 (Brief).[4]  The plaintiff disputes the defendant's practice of referencing a deposition in its answer.  However, the defendant explained in the brief, that the Price deposition is only 21 pages long and the deposition explains the type of training involved with becoming a yardmaster.

Interrogatory No. 24 seeks a listing of the factors considered in promoting specific yardmasters to the position "other than those named in your answers to Interrogatories 22 and 23."  **See** Filing No. 49, Exhibit A.   The defendant objected that the request was unduly burdensome and "assuming facts not in evidence" but responded, "see objection and response to interrogatories No. 6 and 21."  *Id.*  The response to Interrogatory No. 6 refers the plaintiff to the deposition of Mark Syring, who made the promotion decisions, and lists four criteria used.  *Id.*  It is unclear how the response to Interrogatory No. 21

---

[4]  The court does not have the supplement response in evidence, nor is there evidence of a supplement being filed in the record.  **See** NECivR 7.1 and 33.1.

applies.  The defendant states it supplemented its response after receiving the plaintiff's letter to add additional criteria.  **See** Filing No. 53, p. 3.

The plaintiff fails to describe what, if any, information is lacking in the defendant's responses to Interrogatory Nos. 20 and 24.  The court finds the defendant's responses are adequate with the supplemental explanation, further the reference to the Price and Syring depositions does not shift the burden of the responses to the plaintiff, but merely further support for the responses.  Accordingly, the plaintiff's motion to compel is denied with regard to Interrogatory Nos. 20 and 24.

Interrogatory No. 25 seeks information about why the plaintiff was not promoted to the yardmaster position.  **See** Filing No. 49, Exhibit A.  The defendant objected to the argumentative wording of the interrogatory, but otherwise responded, "please refer to Mark Syring's deposition and objections and response to interrogatory No. 6."  ***Id.***  The defendant states it referred to Syring's "rather short deposition" for a full answer to the interrogatory.  The defendant states the reason was due to the plaintiff's lack of operating experience and insubordination issues.  **See** Filing No. 53, p. 3-4 (Brief).  The defendant states this information is contained in the Syring deposition and in documents responsive to Request for Production No. 9 and elsewhere.  The court finds the defendant's response to Interrogatory No. 25 was sufficient in light of all other discovery.  The motion as to Interrogatory No. 25 is denied.

### D.       Requests for Production

"All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." ***Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted).  However, the burden is on the party seeking discovery to show the responding party has control over the requested documents.  ***Credit Bancorp.***, 194 F.R.D. at 472 (movant failed to show, for purpose of motion to compel that respondent had control over documents); **see also *Chaveriat v. Williams Pipe Line Co.***, 11 F.3d 1420, 1427 (7th Cir. 1993) ("But the fact that a party could obtain a document if

it tried hard enough and maybe if it didn't try hard at all does not mean that the document is in its possession, custody, or control; in fact it means the opposite."). The plaintiff has failed to meet its burden of showing that the defendant is in possession, or otherwise has control, of additional documents sought. Clearly the court cannot compel production of a document or information, which does not exist. *See Byrd v. Reno*, NO. CIV.A.96-2375CKK JMF, 1998 WL 429676, *17 (D.D.C. Feb 12, 1998) (The court cannot compel what the party does not have.); *Towner v. Med. James, Inc.*, 1995 WL 477700 *1, 5, 7 (D. Kan. Aug. 9, 1995) ("The court cannot compel additional answer, when the answering party has purportedly given all it knows.").

The defendant states all responsive documents have been produced and that the defendant has not held back any of the plaintiff's personnel documents (Request for Production No. 9), documents regarding why the plaintiff was not offered the yardmaster position (Request for Production Nos. 13, 14 and 18), or posting documentation (Request for Production Nos. 15 and 30). While the plaintiff may not believe that all documents responsive to these requests have been produced, the plaintiff makes no such showing. Further, the plaintiff does not allege the defendant has engaged in any nefarious behavior only that the defendant's responses left open the possibility of outstanding documents.

The remaining requests, Request for Production Nos. 3, 26-29, are those that the parties have been actively working to resolve. These requests pertain to the plaintiff's job performance (Request No. 3) and specific other employees' daily or other periodic (weekly, monthly) duty assignments and updates of work schedules, including absences from his or her regular positions due to special duty assignments, alternate or special duty service or training of any kind (Request Nos. 26-29) for the time period of January 1, 2004 through September 1, 2004. **See** Filing No. 49, Exhibit B. The plaintiff seeks specific documents from the defendant's TCS Crew Management Services database, because such information cannot be manipulated or changed. **See** Filing No. 49, p. 8 (Brief). The defendant states that beyond the documents already produced, such documents are not available. **See** Filing No. 53, p. 5 (Brief). Specifically, the defendant states that the plaintiff seeks information in a certain format for a certain time period, but the particular database does not go back to the time period of January 1, 2004 through September 1,

2004.  The defendant provides the affidavit of Ben A. Tesch, the custodian of records for the defendant, explaining how and why the documents sought by the plaintiff are unavailable.  **See** Filing No. 53, Exhibit A.  However, the defendant has produced the information sought by the plaintiff in a format which, according to the defendant is confusing, incomplete and duplicative.  The plaintiff provides no argument or evidence refuting Mr. Tesch.

The court concludes the defendant has clearly stated no additional documents exist, rather than such documents are being withheld on a discovery objection or hyper-technical interpretation of the requests.  Accordingly, the court will not compel any supplemental response to these requests.

### E.    Sanctions

The parties each seek an award of costs and fees associated with the motion to compel.  Regarding a motion to compel, Federal Rule of Civil Procedure 37 provides:

> If the motion is denied, the court . . . shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(B).

It is difficult to determine whether the plaintiff's making the motion was substantially justified.  It is unclear whether the defendant provided supplemental responses to discovery before or after the plaintiff filed the motion, which may provide a basis for an award, in part, to the plaintiff.  **See** Fed. R. Civ. P. 37(a)(4)(a).  Additionally, had the defendant provided Mr. Tesch's affidavit or unequivocal responses earlier in the discovery process, the motion to compel may have been avoided.  Therefore, the motion to compel may have been substantially justified with regard to the disputed requests for production.  Under the circumstances, the court does not find the imposition of sanctions to be

warranted in this case and will not assess sanctions against either party with regard to the instant discovery dispute.

### 2.    Motion to Strike/Motion for Permission

On March 4, 2006, the plaintiff filed a Non-Expert Witness List (Supplemental) (Filing No. 51).  On March 6, 2006, the defendant filed a motion to strike the list as untimely.  **See** Filing No. 52.  In response, the plaintiff filed a motion for leave to file the list out of time.  **See** Filing No. 54.  The defendant filed an objection (Filing No. 55) to the motion for leave.[5]  The plaintiff then filed a reply brief (Filing No. 56) in support of his motion for leave.

The defendant served its non-expert witness list on the original deadline of October 3, 2005.  **See** Filing Nos. 18 and 23.  The deadline for disclosure of non-expert witnesses was extended to December 16, 2005.  **See** Filing No. 31.  On December 16, 2005, the defendant filed a second non-expert witness list.  **See** Filing No. 32.  The deposition and discovery deadline was extended to February 14, 2006.  **See** Filing No. 40.  The defendant filed a timely motion for summary judgment on February 1, 2006.  **See** Filing No. 41.

There is no evidence in the record that the plaintiff <u>ever</u> served a non-expert witness list, pursuant to Federal Rule of Civil Procedure 26(a)(3)(a) and this court's progression orders, until the "supplemental" disclosure was filed.  The plaintiff's supplement list states these are the nine witnesses the plaintiff expects to call at trial "in addition to those listed in Plaintiff's Initial Disclosures."  **See** Filing No. 51.  Pursuant to Federal Rule of Civil Procedure 37(b)(2) and (c)(1), the plaintiff's supplemental witnesses may be stricken for failure to comply with this court's progression orders and Rule 26(a), without a showing of substantial justification.

In addition, under Fed. R. Civ. P. 16(b) a progression order schedule "shall not be modified except upon a showing of good cause."  "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'"  ***Thorn v. Blue Cross & Blue Shield of Fla., Inc.***, 192 F.R.D. 308, 309

---

[5]  **See** footnote 2 *supra.*

(M.D. Fla. 2000) (citations omitted) (**paraphrasing** Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)); **see *Bradford v. DANA Corp.***, 249 F.3d 807, 809-10 (8th Cir. 2001).  Moreover, "if the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." ***Financial Holding Corp. v. Garnac Grain Co.***, 127 F.R.D. 165, 166 (W.D. Mo. 1989).  Similarly, under Rule 6(b):  "the court for <u>cause shown</u> may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of <u>excusable neglect</u>." Fed. R. Civ. P. 6(b) (emphasis added).  "The determination as to what sort of neglect is considered excusable is 'an equitable one, taking account of all relevant circumstances surrounding the party's own omission.'" ***In re Harlow Fay, Inc.***, 993 F.2d 1351, 1352 (8th Cir. 1993) (**quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.***, 507 U.S. 380, 395 (1993)); **see *Kaubisch v. Weber***, 408 F.3d 540, 543 (8th Cir. 2005) (the misapplication or misreading of the plain language of [the federal rules] does not establish excusable neglect).  The relevant circumstances include:  "the danger of prejudice to the [movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." ***Pioneer***, 507 U.S. at 395.  Further, these rules must be read in a manner to achieve the "just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.

The plaintiff contends the reason for the late disclosure is the defendant's late disclosure of discovery.  In particular, the plaintiff states it has received documents as late as March 10, 2006.  The plaintiff states it is unlikely the defendant would choose to depose any late-disclosed witnesses because the defendant did not depose other witnesses besides the plaintiff.  The plaintiff suggests the defendant be allowed an opportunity to depose the new witnesses and add to the motion for summary judgment, if he is allowed to file the list out of time.  Finally, the plaintiff seeks leave to add an additional witnesses depending on later production of discovery by the defendant.

The defendant contends it is prejudiced by the late disclosure because the motion for summary judgment has already been filed and the deadline to depose additional witnesses has expired.  Further, the defendant states the plaintiff did not disclose the

supplemental witnesses in his Rule 26 initial disclosures, his responses to discovery or in his deposition.  The defendant refutes the plaintiff's suggestion that the production of documents on March 10 led to the discovery of additional witnesses or that the disputed discovery may result in additional witnesses.  The defendant argues the plaintiff has failed to show how the nine witnesses in the March 4, 2006 list are related to any outstanding discovery dispute between the parties.  Specifically, the defendant references the motion to compel, discussed above, and states the only dispute was as to two employees' time records, which would not impact the need for additional witnesses.  Finally, the defendant seeks to have the case proceed to trial without further delay.

In reply, the plaintiff makes arguments relevant to the motion to compel, however fails to show good cause for the addition of nine witnesses.  In particular, the plaintiff fails to state how, if at all, the additional witnesses relate to or stem from late discovery.  The plaintiff names only one witness, Ben A. Tesch, who is the defendant's records custodian.  Mr. Tesch was not listed on the March 4, 2006 list.

The court finds the plaintiff has wholly failed to show substantial justification for failure to timely identify the witnesses listed on the March 4, 2006 list.  Additionally, the plaintiff has failed to show good cause or excusable neglect to justify the court granting leave for the filing of the witness list out of time.  The result would be different if the plaintiff had made any showing that late discovery responses made by the defendant revealed the additional witnesses.  However, the plaintiff makes no such showing.  Under the circumstances of the case, the court will allow the plaintiff to list Mr. Tesch on his non-expert witness list.[6]  The plaintiff shall file an amended witness list as required by the federal rules.  Upon consideration,

**IT IS ORDERED:**

1.      The plaintiff's Motion to Compel (Filing No. 48) is denied.

2.      The defendant's Motion to Strike Plaintiff's Supplemental Witness List (Filing No. 52) is granted.

---

[6] The court makes no determination, at this time, about whether Mr. Tesch has knowledge relevant to the matters for trial or will be allowed to testify at trial.

3.      The Clerk of Court shall strike Filing No. 51, the plaintiff's Non-Expert Witness List (Supplemental), from the record in this case.

4.      The plaintiff's Motion for Permission to File Out of Time (Filing No. 54) is granted with regard to Ben A. Tesch and otherwise denied.

5.      The plaintiff shall have to **on or before April 14, 2006**, to file a non-expert witness list, which may include Mr. Tesch and only those witnesses the plaintiff has previously and timely disclosed as non-expert witnesses whom he expects to call at trial, in accordance with Fed. R. Civ. P. 26(a)(3) and this court's orders.

6.      The plaintiff shall have to **on or before April 21, 2006**, to file a response to the defendant's motion summary judgment (Filing No. 41).

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 6th day of April, 2006.

BY THE COURT:


 s/ Thomas D. Thalken
United States Magistrate Judge

12