IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHNNY M. RODRIGUEZ, | ) | CASE NO.: 8:04CV576 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **ORDER ON PLAINTIFF'S** **MOTION FOR RECONSIDERATION** |
| UNION PACIFIC CORPORATION, | ) ) | |
| Defendant. | ) | |

This matter comes before the court on Plaintiff Johnny M. Rodriguez's (Rodriguez) motion for reconsideration pursuant to Nebraska Civil Rule 60.1(c). (Filing No. 100). Following review of the motion, briefs, and evidence, the court denies the motion.

**I.       PROCEDURAL BACKGROUND**

The court incorporates by reference the facts previously set out in the court's May 16, 2006, order on summary judgment. On May 16, 2006, the court entered an order granting Defendant Union Pacific Corporation's (Union Pacific) motion for summary judgment as to Rodriguez's retaliation claim, and granting in part, and denying in part, Union Pacific's motion as to Rodriguez's discrimination claims. (Filing No. 73). Rodriguez asserts the United States Supreme Court's holding in Burlington Northern & Santa Fe Railway, Co. v. White, 126 S. Ct. 2405 (2006), overrules the court's grant of summary judgment to Union Pacific on Rodriguez's retaliation claim.

**II.      STANDARD FOR THE MOTION**

Motions for reconsideration must be filed no more than ten days after the court's order is entered, "unless the party shows good cause for a later filing." NECivR 60.1(b). Motions for reconsideration are disfavored and ordinarily will be denied "in the absence of (1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence."  NECivR 60.1(c).

Rodriguez filed the present motion for reconsideration more than sixty days after the court entered its order on summary judgment. The court accepts Rodriguez's assertion Burlington Northern represents new legal authority on the issue of retaliation; however, the Supreme Court issued the Burlington Northern decision on June 22, 2006, yet Rodriguez did not file the present motion until July 17, 2006. Although questioning whether taking twenty-five days to bring this authority to the court's attention constitutes "reasonable diligence," the court considers the merits of Rodriguez's motion.

### III.    DISCUSSION

To survive summary judgment, Rodriguez needed to establish a prima facie case of retaliation by showing (1) he engaged in a statutorily protected activity, (2) he suffered an adverse employment action, and (3) a causal connection existed between the two events. LaCroix v. Sears, Roebuck & Co., 240 F.3d 688, 691 (8th Cir. 2001). In Burlington Northern, the Supreme Court held the scope of adverse employment actions covered under Title VII retaliation claims extends beyond "ultimate employment decisions," such as "hiring, granting leave, discharging, promoting, and compensating," and includes actions which are "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." Burlington Northern, 126 S. Ct. at 2409, 2410, 2414. Although Burlington Northern expanded the scope of actions considered adverse under Title VII retaliation claims, Burlington Northern did not change anything regarding the plaintiff's burden to demonstrate a causal connection between the adverse action and the statutorily protected activity.

In the court's earlier ruling on Rodriguez's retaliation claim, the court reasoned the only element at issue was the third element, that is, whether a causal connection existed between the statutorily protected activity and the adverse employment action. (Summ. J. Order at 7). Based solely on Rodriguez's failure to prove a causal connection, the court granted summary judgment on Rodriguez's retaliation claim concluding, "The record does not present any other basis for *establishing a causal connection* between the protected

activity (complaint filings) and any adverse employment action." (Summ. J. Order at 8) (emphasis added).

Rodriguez argues the court should reconsider its ruling, in light of Burlington Northern, because "the Court addressed Rodriguez's Charge of *discrimination*[1] with respect to his 2003-04 application for yardmaster, *perhaps* because Defendant's acts did not clearly constitute an ultimate employment decision." (Pl. Br. at 7-8) (emphasis added). This assertion is without merit. The court unequivocally granted summary judgment on Rodriguez's retaliation claim because Rodriguez failed to establish a causal connection between the protected activity and an adverse employment action. Therefore, the Burlington Northern decision does not help Rodriguez.

Relying on Burlington Northern, Rodriguez theorizes Union Pacific delayed a response and interview on his yardmaster application, and this delay was "directly linked to Rodriguez's possibility of promotion." On the other hand, Rodriguez acknowledges, if the delay was a "snub," such snubbing "is not actionable under current case law as well as under Burlington [Northern]." (Pl. Br. at 8). Rodriguez offers no evidence the delay was causally related to his discrimination claims or causally connected to Union Pacific's employment decision regarding Rodriguez. Neither Burlington Northern nor Rodriguez's new arguments persuade the court to change its opinion and order of May 16, 2006.

## IV.   CONCLUSION

For the reasons stated, Rodriguez's motion for reconsideration (Filing No. 100) is denied.

**IT IS SO ORDERED**.

---

[1] The court assumes *arguendo*, Rodriguez intended to refer to his *retaliation* claim, since Burlington Northern does not alter the definition of "adverse employment actions" with respect to discrimination claims, and this motion asks the court to reconsider its ruling on the retaliation claim.

Dated this 31st day of July, 2006.

                        BY THE COURT:

                        /s/  William Jay Riley
                        United States Circuit Judge
                        (Sitting by Designation)