IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOHNNY M. RODRIGUEZ,     )     CASE NO.: 8:04CV576
     )
     Plaintiff,     )
     )
     vs.     )     **ORDER ON DEFENDANT'S MOTION**
     )     **IN LIMINE**
UNION PACIFIC CORPORATION,     )
     )
     Defendant.     )

Presently before the court is Defendant Union Pacific Corporation's (Union Pacific) motion in limine and request for oral argument.  (Filing No. 81).  The motion is fully briefed and ready for disposition.  The court finds oral argument is unnecessary, and therefore denies Union Pacific's request for oral argument.  For the reasons set forth below, the court denies Union Pacific's motion in limine.

## I.    BACKGROUND

Plaintiff Johnny M. Rodriguez (Rodriguez) brought the present action against Union Pacific, alleging national origin discrimination and retaliation in violation of Title VII and Nebraska state law.  On May 16, 2006, the court granted Union Pacific's motion for summary judgment as to Rodriguez's retaliation claim, and granted in part and denied in part Union Pacific's motion as to Rodriguez's discrimination claims.  (Filing No. 73).  On July 31, 2006, the court denied Rodriguez's motion for reconsideration of the court's grant of summary judgment on Rodriguez's retaliation claim.  The only remaining claim is whether Union Pacific discriminated against Rodriguez by failing to award Rodriguez the first yardmaster position that became available in 2004, after Rodriguez voiced interest in the position in the fall of 2003.

## II.    UNION PACIFIC'S MOTION IN LIMINE

Union Pacific seeks to preclude Rodriguez from presenting evidence at trial relating to (1) Rodriguez's retaliation and discrimination claims disposed of on summary judgment; (2) Union Pacific's new procedure for filling the yardmaster positions adopted after

Rodriguez failed to obtain a yardmaster position in October 2003; (3) allegations of unlawful treatment made by any current or former employees of Union Pacific employees, including Richard Vasquez, Pat Wright, Alma Hill, Haley Finley, Jack Rokov, and Neal Norfleet; (4) the subsequent employment histories of Loretta Howe (Howe) and Candy Owens Price (Price), after Union Pacific awarded Howe and Price yardmaster positions in October 2003; and (5) medical or psychological treatment Rodriguez underwent relating to specific events at work. Union Pacific argues the evidence is not relevant and therefore inadmissible under Federal Rules of Evidence 401 and 402, and even if it is relevant, it is unduly prejudicial and should be excluded under Rule 403.

Under Rule 402, "[e]vidence which is not relevant is not admissible." Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Even relevant evidence, however, may be properly excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

### A. EVIDENCE RELATING TO CLAIMS DISPOSED OF ON SUMMARY JUDGMENT

Union Pacific seeks to exclude any evidence unrelated to whether Union Pacific discriminated against Rodriguez by failing to award Rodriguez the first yardmaster position that became available in 2004, after Rodriguez voiced interest in the yardmaster position in the fall of 2003. Rodriguez argues Union Pacific has not challenged any particular evidence, and therefore Union Pacific's motion to exclude any evidence relating to Rodriguez's previously disposed claims is overinclusive, since evidence relating to previously disposed claims still is relevant to the remaining claim.

-2-

At trial, Rodriguez must prove the elements of his remaining discrimination claim to the jury.  Some evidence pertaining to claims previously disposed of by the court may be relevant.  Union Pacific has not challenged specific evidence, such as a witness's proposed testimony, an exhibit, or a particular document.  Accordingly, the court declines to make a blanket exclusion of "any and all evidence relating to Plaintiff's retaliation and discrimination claims" previously dismissed.  The court denies Union Pacific's motion in limine in this regard, but rather will rule on the admissibility of this evidence at trial.  This portion of Union Pacific's motion in limine is DENIED.

**B.      UNION PACIFIC'S NEW PROCEDURE FOR FILLING THE YARDMASTER POSITION**

Before October 2003, Union Pacific did not post yardmaster position vacancies. Instead, Union Pacific filled vacant yardmaster positions with employees who had previously told management of an interest in the position.  After Rodriguez complained about this practice, Union Pacific changed its yardmaster application process in Kansas City and began posting available positions in various locations around the rail yards.  Union Pacific argues evidence of this new application process must be excluded as a subsequent remedial measure and as irrelevant.  Rodriguez denies this change constitutes a subsequent remedial measure.

Federal Rule of Evidence 407 provides–if, after a harm-causing event, measures are taken that may have prevented the harm from occurring, evidence of such measures is inadmissible to prove culpable conduct.  However, Rule 407 does not require exclusion of evidence of those subsequent remedial measures if it is offered for another legitimate purpose.  For example, Rule 407 does not prevent Rodriguez from using this evidence to show a job posting procedure was feasible before Rodriguez complained.  Accordingly, at this point, the court denies Union Pacific's motion in limine regarding evidence of Union Pacific's subsequent yardmaster job posting procedure.  The court will rule on the

-3-

admissibility of such evidence at trial, when the court is able to assess the purpose for which the evidence is being offered.  This portion of Union Pacific's motion in limine is DENIED.

### C.   CLAIMS OF UNLAWFUL TREATMENT BY CURRENT OR FORMER UNION PACIFIC EMPLOYEES

Union Pacific moves to exclude testimony of current and former Union Pacific employees, including Richard Vasquez, Pat Wright, Alma Hill, Haley Finley, Jack Rokov, and Neal Norfleet, who will testify to their own personal experiences with alleged discrimination while employed by Union Pacific.  Rodriguez argues these six prospective witnesses are similarly situated to Rodriguez, and therefore their testimony is admissible.

Union Pacific's request for a blanket exclusion of "any and all evidence" relating to alleged acts of discrimination committed against former and current Union Pacific employees is contrary to Eighth Circuit law.  See Hawkins v. Hennepin Technical Ctr., 900 F.2d 153, 155 (8th Cir. 1990).

> The effects of blanket evidentiary exclusions can be especially damaging in employment discrimination cases, in which plaintiffs must face the difficult task of persuading the fact-finder to disbelieve an employer's account of its own motives. . . . Circumstantial proof of discrimination typically includes unflattering testimony about the employer's history and work practices-evidence which in other kinds of cases may well unfairly prejudice the jury against the defendant.  In discrimination cases, however, such background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive.

Id. (quoting Estes v. Dick Smith Ford, Inc., 856 F.2d 1097, 1103 (8th Cir. 1988), overruled in part on other grounds, Price Waterhouse v. Hopkins, 490 U.S. 288 (1989)).

Union Pacific does not argue these witnesses will testify about events too remote in time, unrelated to Union Pacific's alleged discriminatory practices, or otherwise unrelated to Rodriguez's remaining discrimination claim.  The court finds the testimony of these

witnesses potentially relevant and not unfairly prejudicial.  This portion of Union Pacific's motion in limine is DENIED.

### D.     SUBSEQUENT EMPLOYMENT HISTORY OF HOWE AND PRICE

Union Pacific moves to exclude evidence of the subsequent employment history of Howe and Price, after their initial selection for the yardmaster positions in October 2003. Howe allegedly had an altercation with a male yardmaster and requested medical leave in 2006, and Price left the yardmaster position after one month of training and returned to her former position as chief utility clerk.  Rodriguez argues the subsequent employment history of Howe is relevant to show "widespread toleration of harassment of minorities and disparate treatment condoned by management because evidence of such bias in other employment situations could permissibly lead to the inference that management was similarly biased in the case of Mr. Rodriguez's promotion."  Rodriguez argues Price's subsequent history is relevant because (1) Price mentioned at her deposition she did not like the way the male yardmaster supervisors treated her, and (2) it calls into question Union Pacific's alleged manpower shortage in October 2003, when Howe and Price were hired into yardmaster positions, because the alleged shortage no longer existed in December 2003 when Price left the yardmaster position.  Rodriguez will stipulate Howe and Price were qualified for yardmaster positions, although not as qualified as Rodriguez.

Union Pacific asserts allowing evidence of Howe's and Price's subsequent employment histories may cause unfair prejudice, because the jury might assume the women were unqualified for yardmaster positions in October 2003.  However, this concern is eliminated because Rodriguez has stipulated to their qualifications.  Both subsequent employment histories relate to Union Pacific's alleged discriminatory practices and prior hiring procedure for the yardmaster position.  The court finds, at this time, the evidence potentially probative and not unduly prejudicial.  This portion of Union Pacific's motion in limine is DENIED.

### E. RODRIGUEZ'S WORK-RELATED MEDICAL OR PSYCHOLOGICAL TREATMENT

Union Pacific seeks to exclude evidence of Rodriguez's mental health treatment, spanning 1998 to the present, arguing such evidence is irrelevant to Rodriguez's claim of discrimination which allegedly occurred in October 2003.  In response, Rodriguez argues work problems at Union Pacific, dating back to 1998 and continuing through the present, led Rodriguez to seek medical and psychological help.

To the extent Rodriguez tries to introduce evidence of his ongoing medical and mental health treatment solely to prove discrimination claims disposed of on summary judgment, the evidence is inadmissible.  However, Rodriguez is not prohibited from discussing his ongoing medical and mental health treatment if Union Pacific introduces such evidence for impeachment purposes.  The court finds evidence regarding Rodriguez's medical and mental health treatment may be relevant, depending upon the testimony and other evidence presented at trial.  The court therefore declines to grant Union Pacific's motion in limine, but rather will rule on the admissibility of this evidence at trial.  This portion of Union Pacific's motion in limine is DENIED.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED**:

1.      Defendant Union Pacific's motion in limine (Filing No. 81) is DENIED.

2.      At trial, the court shall exclude and admit evidence in a manner consistent with this order.  However, the court's ruling on a particular motion in limine does not mean that all evidence contemplated by the motion will be admitted or excluded at trial.  The court recognizes that, depending upon the testimony and other evidence presented at trial, evidence the court previously deemed admissible may be limited or excluded, and excluded evidence may later be admitted for a purpose not anticipated at the time of

this ruling.  Thus, the court will entertain objections on individual proffers as they arise at trial.

Dated this 31st day of July, 2006.

BY THE COURT:


/s/  William Jay Riley
United States Circuit Judge
(Sitting by Designation)